1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DEBBIE LAUGENOUR,

11              Plaintiff,                    No. 2:12-cv-2995 GEB DAD PS

12        vs.

13   NORTHLAND GROUP INC.,            ORDER
     RESURGENT CAPITAL SERVICES,
14

15              Defendants

16   _____/

17              This matter came before the court on February 15, 2013, for hearing of

18   defendants' motions to dismiss.  Issa Moe, Esq. appeared telephonically for defendant Northland

19   Group Inc.  Behzad Mohandesi appeared on behalf of defendant Resurgent Capital Services.  No

20   appearance was made by, or on behalf of, plaintiff Debbie Laugenour who is proceeding pro se in

21   this action.[1]  Oral argument was heard and the motions were taken under submission.

22   /////

23   /////

24

25
          [1]  Although plaintiff did not appear at the February 15, 2013 hearing she did file timely
26   oppositions to defendants' motions to dismiss.  (Doc. Nos. 14 & 15.)

                                              1

BACKGROUND

Plaintiff commenced this action on December 12, 2012, by filing a complaint and paying the required filing fee.  (Doc. No. 1.)  Plaintiff's complaint alleges claims pursuant the Fair Credit Reporting Act, ("FCRA"), 15 U.S.C. § 1681 *et seq.*, the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Rosenthal Fair Debt Collection Practices Act, ("RFDCPA"), CAL. CIV CODE § 1788 *et seq.*  (Id. at 2-6.[2])

Defendant Northland Group Inc., filed a motion to dismiss on January 8, 2013. (Doc. No. 8.)  That same day, defendant Resurgent Capital Services also filed a motion to dismiss.  (Doc. No. 12.)  Each motion asserts that plaintiff's complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Plaintiff filed written opposition to each motion on January 30, 2013.  (Doc. Nos. 14 & 15.)  Defendant Northland Group Inc., filed its reply on February 7, 2013, (Doc. No. 16), and defendant Resurgent Capital Services filed its reply on February 8, 2013.  (Doc. No. 17.)

STANDARDS

I. Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(6)

The purpose of a motion to dismiss pursuant to Rule 12(b)(6)[3] is to test the legal sufficiency of the complaint.  N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

---

[2] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

[3] Unless otherwise noted, all references to a "Rule" are to the Federal Rules of Civil Procedure.

1  the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v.

2  Iqbal, 556 U.S. 662, 678 (2009).

3        In determining whether a complaint states a claim on which relief may be granted,

4  the court accepts as true the allegations in the complaint and construes the allegations in the light

5  most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v.

6  United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  In general, pro se complaints are held to less

7  stringent standards than formal pleadings drafted by lawyers.  Haines v. Kerner, 404 U.S. 519,

8  520-21 (1972).  However, the court need not assume the truth of legal conclusions cast in the

9  form of factual allegations.  United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th

10 Cir. 1986).  While Rule 8(a) does not require detailed factual allegations, "it demands more than

11 an unadorned, the defendant-unlawfully-harmed-me accusation."  Iqbal, 556 U.S. at 678.  A

12 pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the

13 elements of a cause of action."  Twombly, 550 U.S. at 555.  See also Iqbal, 556 U.S. at 676

14 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

15 statements, do not suffice.").  Moreover, it is inappropriate to assume that the plaintiff "can prove

16 facts which it has not alleged or that the defendants have violated the . . . laws in ways that have

17 not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters,

18 459 U.S. 519, 526 (1983).

19       In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is

20 permitted to consider material which is properly submitted as part of the complaint, documents

21 that are not physically attached to the complaint if their authenticity is not contested and the

22 plaintiff's complaint necessarily relies on them, and matters of public record.  Lee v. City of Los

23 Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

24 /////

25 /////

26 /////

3

ANALYSIS

I.  FCRA

Plaintiff's complaint alleges that the defendants "willfully" and "negligently" violated 15 U.S.C. § 1681b(f) by obtaining Plaintiff's consumer report without a permissible purpose as defined by 15 U.S.C. § 1681b."  (Compl. (Doc. No. 1) at 2-3.)

The FCRA establishes civil liability for any person who knowingly or negligently obtains a consumer's credit report without a "permissible purpose."  15 U.S.C. §§ 1681n-1681o. The statutorily approved "permissible purposes" for obtaining a credit report are set out in 15 U.S.C. § 1681b.  One such permissible purpose allows a debt collector to obtain a credit report if the debt collector "intends to use the information in connection with . . .  review or collection of an account of the consumer."  15 U.S.C. § 1681b(a)(3)(A).  See also Pyle v. First Nat. Collection Bureau, No. 1:12-cv-0288 AWI SKO, 2012 WL 5464357, at *4 (E.D. Cal. Nov. 8, 2012) ("if a collection agency is retained by a creditor to collect a debt owed by a consumer, then it typically has a permissible purpose for obtaining a consumer report in conjunction with its collection activities, so long as it seeks to use information in connection with a transaction that the consumer initiated with the creditor").

Here, although plaintiff's complaint alleges in a conclusory manner that the defendants did not have a permissible purpose for obtaining her credit report, the complaint does not provide any further explanation of that conclusory allegation.  Moreover, the factual allegations found in plaintiff's complaint, at the very least, imply that the defendants obtained plaintiff's credit report to collect a debt owed by plaintiff.[4]

---

[4]  It appears from reading plaintiff's opposition to defendants' motions to dismiss that it may be plaintiff's contention that it is not a permissible purpose for a debt collector to obtain a credit report while trying to collect on a debt. (Pl.'s Opp.'n (Doc. No. 14) at 5-6.)  Plaintiff cites Pintos v. Pacific Creditors Ass'n, 605 F.3d 665 (9th Cir. 2010), in support of this assertion. Plaintiff, however, misunderstands the court's holding in Pintos.  In fact, the requesting of a credit report to attempt to collect a debt is a permissible purpose.  See 15 U.S.C. § 681b(a)(3)(A); see also Huertas v. Galaxy Asset Management, 641 F.3d 28, 34 (3rd Cir. 2011) ("the statute

1    "Consequently, because plaintiff has only provided a 'formulaic recitation' of the

2 elements of a claim under the FCRA, and because plaintiff's allegations seem to admit that

3 defendant is engaging in collection activities, plaintiff has not adequately pled a claim under the

4 FCRA." Anthony v. Cach, LLC, No. CV 12-9057 CAS (JCGx), 2013 WL 989883, at *2-3

5 (C.D. Cal. Mar. 11, 2013) (quoting Iqbal, 556 U.S. at 678).

6 II.  FDCPA

7    In her complaint plaintiff also alleges that the defendants violated the FDCPA by

8 using false or deceptive means to attempt to collect a debt.  (Compl. (Doc. No. 1) at 4.)

9    Under the provisions of the FDCPA, debt collectors are prohibited "from making

10 false or misleading representations and from engaging in various abusive and unfair practices."

11 Heintz v. Jenkins, 514 U.S. 291, 292  (1995).  See also Donohue v. Quick Collect, Inc., 592 F.3d

12 1027, 1030 (9th Cir. 2010).  To establish a claim under the FDCPA, a plaintiff must show:  (1)

13 she is a consumer within the meaning of 15 U.S.C. § 1692a(3); (2) the debt arises out of a

14 transaction entered into for personal purposes; (3) the defendant is a debt collector within the

15 meaning of 15 U.S.C. § 1692a(6); and (4) the defendant violated one of the provisions of the

16 FDCPA, 15 U.S.C. §§ 1692a-1692o.  Moriarity v. Nationstar Mortg., LLC, No. 1:13-cv-0855

17 AWI SMS, 2013 WL 3354448, at *4  (E.D. Cal. July 3, 2013); Robinson v. Managed Accounts

18 Receivables Corp., 654 F. Supp.2d 1051, 1057 (C.D. Cal. 2009).

19 /////

20 ───────────────

21 expressly permits distribution of a consumer report to an entity that intends to use the
information in connection with a credit transaction involving the consumer on whom the
information is to be furnished and involving the extension of credit to, or review or collection of

22 an account of, the consumer."); Thomas v. U.S. Bank, N.A., 325 Fed. Appx. 592, 593 (9th Cir.
2009) ("Thomas presented no evidence that U.S. Bank or Capital Management Services, Inc.,

23 had requested his credit report for any reason other than to attempt to collect on the debt, and
requesting a credit report with the intent to collect on a debt is among the 'permissible purposes'

24 listed in the FCRA."); Pyle v. First Nat. Collection Bureau, No. 1:12-cv-0288 AWI SKO, 2012
WL 5464357, at *4 (E.D. Cal. Nov. 8, 2012) ("One of the permissible purposes for obtaining a

25 consumer report under 15 U.S.C. § 1681b(a)(3)(A) would permit a collection agency retained by
a creditor to collect on an account of the consumer.").  Thus, any such argument if posed by

26 plaintiff would be meritless.

Here, plaintiff's complaint merely alleges in a conclusory manner that the defendants used false or deceptive means to attempt to collect a debt without providing any further elaboration or specificity in the allegations of her complaint.[5]

LEAVE TO AMEND

For the reasons explained above, plaintiff's complaint should be dismissed for failure to state a claim upon which relief may be granted.  The court has carefully considered whether plaintiff may amend her complaint to state a claim upon which relief can be granted.  "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility."  California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988).  See also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).  However, when evaluating the failure to state a claim, the complaint of a pro se plaintiff may be dismissed "only where 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984) (quoting Haines v. Kerner, 404 U.S. 519, 521 (1972).  See also Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (quoting Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir. 1988)).

Here, the court cannot say that it is now beyond doubt that leave to amend would be futile.  Plaintiff's complaint will therefore be dismissed with leave granted to file an amended complaint.  Plaintiff is cautioned, however, that if she elects to file an amended complaint "the tenet that a court must accept as true all of the allegations contained in a complaint is

---

[5] Plaintiff's RFDCPA claim mirrors her FCRA and FDCPA claims and fails for the same reasons.  Moreover, absent a claim over which this court has original jurisdiction, the undersigned would be inclined to recommend that this court decline to exercise supplemental jurisdiction over any state law claims advanced by plaintiff in this action.

1  inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action,

2  supported by mere conclusory statements, do not suffice."  Iqbal, 556 U.S. at 678.  "While legal

3  conclusions can provide the complaint's framework, they must be supported by factual

4  allegations."  Id. at 679.  Those facts must be sufficient to push the claims "across the line from

5  conceivable to plausible[.]"  Id. at 680 (quoting Twombly, 550 U.S. at 557).

6          In this regard, although the Federal Rules of Civil Procedure adopt a flexible

7  pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must

8  allege facts that state the elements of each claim plainly and succinctly.  FED. R. CIV. P. 8(a)(2);

9  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  "A pleading that offers

10  'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.'

11  Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual

12  enhancements.'"  Iqbal, 556 U.S. at  678 (quoting Twombly, 550 U.S. at 555, 557).  A plaintiff

13  must allege with at least some degree of particularity overt acts which the defendants engaged in

14  that support the plaintiff's claims.  Jones, 733 F.2d at 649.

15          Plaintiff is also reminded that the court cannot refer to a prior pleading in order to

16  make an amended complaint complete.  Local Rule 220 requires that any amended complaint be

17  complete in itself without reference to prior pleadings.  The amended complaint will supersede

18  the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Thus, in any

19  amended complaint plaintiff elects to file, just as if it were the initial complaint filed in the case,

20  each defendant must be listed in the caption and identified in the body of the complaint, and each

21  claim and the involvement of each defendant must be sufficiently alleged.  Any amended

22  complaint filed by plaintiff must include concise but complete factual allegations describing the

23  conduct and events which underlie her claims.

24  /////

25  /////

26  /////

1                               CONCLUSION

2         Accordingly, IT IS HEREBY ORDERED that:

3           1.  Defendant Northland Group, Inc.'s January 8, 2013 amended motion to

4  dismiss (Doc. No. 8) is granted;

5           2.  Defendant Resurgent Capital Services, LP's January 8, 2013 amended motion

6  to dismiss (Doc. No. 12) is granted;

7           3.  Plaintiff's December 12, 2012 complaint (Doc. No. 1) is dismissed;

8           4.  Plaintiff is granted thirty days from the date of service of this order to file an

9  amended complaint that complies with the requirements of the Federal Rules of Civil Procedure,

10  and the Local Rules of Practice; any amended complaint plaintiff elects to file must bear the

11  docket number assigned to this case and must be labeled "Amended Complaint;" failure to file an

12  amended complaint in accordance with this order will result in a recommendation that this action

13  be dismissed;[6] and

14           5.  If any defendant named in plaintiff's original complaint filed December 12,

15  2012, is named as a defendant in any amended complaint plaintiff may elect to file, that

16  defendant shall respond to the pleading within thirty days after it is filed and served.

17  DATED: July 12, 2013.

18

19                                    _Dale A. Drozd_

20                                   DALE A. DROZD
                                       UNITED STATES MAGISTRATE JUDGE

21  DAD:6
    Ddad1\orders.pro se\laugenour2295.mtd.ord

22

23

24

---

25      [6]  If, however, upon considering the analysis set forth in this order plaintiff no longer
wishes to pursue this action plaintiff may file a notice of voluntary dismissal pursuant to Rule 41

26  of the Federal Rules of Civil Procedure.