Debbie Laugenour
372 Florin Road #226
Sacramento, CA 95831
916-778-9524
deblog1@hotmail.com

**FILED**

AUG 14 2013

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
            DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DEBBIE LAUGENOUR, pro se,

   Plaintiff,

vs,           No. 2:12-cv-2995 GEB DAD PS

NORTHLAND GROUP, INC.
RESURGENT CAPITAL SERVICES,

   Defendants.    **AMENDED COMPLAINT**

_____/

**JURISDICTION**

1. This court has jurisdiction under 15 U.S.C. § 1681p and 28 U.S.C § 1331.2, and 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claims contained herein. All conditions precedent to the bringing of this action have been performed.

**PARTIES**

2. The Plaintiff in this lawsuit is Debbie Laugenour, a natural person, who resides in Sacramento County, California.

3. The Defendants in this lawsuit are NORTHLAND GROUP, INC. , a corporation with offices at 7831 Glenroy Road, Suite 250, Edina, MN 55439, and RESURGENT CAPITAL SERVICES, a limited partnership with offices at 55 Beattie Place, Suite 110, Greenville, SC 29601.

**VENUE**

4. The occurrences which give rise to this action occurred in Sacramento County, California and Plaintiff resides in Sacramento County, California.

5. Venue is proper in the Eastern District of California. Sacramento Division.

**GENERAL ALLEGATIONS**

6. Plaintiff obtained consumer credit reports from the three major credit reporting agencies and found entries by entities that she was unfamiliar with in the reports. Plaintiff found after examination of Experian consumer credit report that Defendant NORTHLAND GROUP, INC had obtained Plaintiff's Experian consumer credit report on June 5, 2012 and Defendant RESURGENT CAPITAL SERVICES had obtained Plaintiff's Experian consumer report on August 14, 2012. (Exhibit A)

7. Plaintiff received "dunning letter" from Defendant NORTHLAND GROUP, INC dated June 13, 2012, (Exhibit B) stating that they are a debt collector that had been assigned an "account"[1] from CVF Consumer Acquisition Company for collection. The alleged creditor was stated as HSBC. Plaintiff denied the accusation as she has an account with HSBC in good standing. Plaintiff called HSBC and they assured her everything was fine with her account.

8. Plaintiff promptly disputed the attempt to collect a "non-existent" debt and sent a request for validation on July 10, 2012 (Exhibit C) to which the Defendant NORTHLAND GROUP, INC failed and refused to validate.

9. Plaintiff sent a notice on November 6, 2012 (Exhibit D) to Defendant NORTHLAND GROUP, INC of their violations of the FCRA, FDCPA, and RFDCPA. This was in an effort to mitigate damages and reach a settlement for their violations in obtaining Plaintiff's credit report, FDCPA and RFDCPA violations before taking civil action against them.

10. Plaintiff received a reply on November 20, 2012 (Exhibit E) via email from the Defendant NORTHLAND GROUP, INC stating that the "account" had been closed in their office. The Defendant NORTHLAND GROUP, INC stated that pursuant to FDCPA they had two options to pursue once they received a verification request; obtain verification of debt or cease collection

1  activities. The Defendant had chose to cease collection efforts and closed "account". The

2  "account" was closed and returned to CVS Consumer Acquisition Company, P.O. Box 10466,

3  Greenville, SC, 29603, 1-888-665-0374. Plaintiff called the 1-888-665-0374 toll free number and

4  found that it was Defendants RESURGENT CAPITAL SERVICES  phone number and answered

   as RESURGENT CAPITAL SERVICES.

5  11.  Plaintiff emailed notice on November 24, 2012 (Exhibit F) to Defendant NORTHLAND

6  GROUP, INC again of their violations of the FCRA, FDCPA, and RFDCPA, more specifically

7  how Defendant NORTHLAND GROUP, INC  was continuing collection efforts by sending an

8  alleged unvalidated debt to another debt collector after Defendant NORTHLAND GROUP, INC

9  had stated they had ceased collection efforts. This was in an effort to mitigate damages and reach a

10 settlement for their violations in obtaining Plaintiff's credit report, FDCPA and RFDCPA

11 violations before taking civil action against them.

12 12.  Plaintiff received "dunning letter" from Defendant RESURGENT CAPITAL SERVICES

13 dated November 13, 2012, (Exhibit G) stating that this alleged "account" has been placed with

14 them . The alleged creditor was stated as HSBC Bank USA, N.A.  Payments were to be sent to

   Resurgent Capital Services L.P., P.O. Box 10466, Greenville, SC 29603, toll-free phone number

15 1-888-665-0374.

16 13.  Plaintiff received a letter dated November 15, 2012 (Exhibit H) from Defendant

17 RESURGENT CAPITAL SERVICES stating that information provided by Plaintiff had been

18 forwarded for review. Plaintiff had not communicated with Defendant RESURGENT CAPITAL

19 SERVICES  until November 24, 2012.

20 14.  Plaintiff received another letter from Defendant RESURGENT CAPITAL SERVICES  dated

21 November 19, 2012 (Exhibit I) stating that Resurgent Capital Services L.P. ("Resurgent"), one of

22 it's servicing agencies, or one of the three major consumer reporting agencies has received an

   inquiry on this "account". Plaintiff had not communicated with Defendant RESURGENT

23 CAPITAL SERVICES until November 24, 2012.

24 15.  Plaintiff promptly disputed the attempt to collect a "non-existent" debt and sent a request for

25 validation on November 24, 2012 (Exhibit J) to which the Defendant RESURGENT CAPITAL

26 SERVICES failed and refused to validate.

27

28 [1] The word "account" is used in this document only in reference to the collection actions of the Defendants.  The use
   of the word is not an admission that there is or was a valid or legitimate account.

16. Plaintiff has never applied for an "account" with Defendants NORTHLAND GROUP, INC and/or RESURGENT CAPITAL SERVICES nor has Plaintiff had any "account" with NORTHLAND GROUP, INC and/or RESURGENT CAPITAL SERVICES.

17. Plaintiff has never received legal proof from Defendants NORTHLAND GROUP, INC, RESURGENT CAPITAL SERVICES, and/or CVS Consumer Acquisition Company and/or LVNV Funding, Inc., that any "account" exists.

## COUNT I
## VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681, WILLFUL NON-COMPLIANCE BY NORTHLAND GROUP INC.

18. Paragraphs 1 through 17 are re-alleged as though fully set forth herein.

19. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

20. Experian is a credit reporting agency within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

21. Consumer credit report is a consumer report within the meaning of the FCRA, 15 U.S.C. § 1681a(d).

22. The FCRA, 15 U.S.C. § 1681b defines the permissible purposes for which a person may obtain a consumer credit report.

23. Such permissible purposes as defined by 15 U.S.C. § 1681b are generally, if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.

24. Plaintiff has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from the Defendant NORTHLAND GROUP, INC.

25. On **June 5, 2012** Defendant obtained the Experian consumer credit report for the Plaintiff with no permissible purpose in violation of the FCRA, 15 U.S.C. § 1681b.

26. At no time did Plaintiff give consent for NORTHLAND GROUP, INC to acquire Plaintiff's consumer credit report from any credit reporting agency.

27. The actions of Defendant NORTHLAND GROUP, INC obtaining the consumer credit report of the Plaintiff with no permissible purpose or Plaintiff's consent was a willful violation of FCRA, 15 U.S.C. § 1681b and an egregious violation of Plaintiff's right to privacy.

28. The Defendant NORTHLAND GROUP, INC had a duty to properly ascertain if there was any

**legitimate** permissible purpose before obtaining Plaintiff's credit report and Defendant breached said duty by failing to do so. There was no account that the Defendant NORTHLAND GROUP, INC had any right to collect to have had permissible purpose to obtain Plaintiff's credit report and therefore Plaintiff is entitled to damages for breach of said duty.

WHEREFORE, Plaintiff demands judgment for damages against Defendant NORTHLAND GROUP, INC for statutory damages of $1000.00, any attorney's fees, and costs pursuant to 15 U.S.C. § 1681n.

**COUNT II**
**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT,**
**15 U.S.C. §1692 BY NORTHLAND GROUP, INC.**

29. Paragraphs 1 through 28 are re-alleged as though fully set forth herein.

30. Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a.

31. Defendant NORTHLAND GROUP, INC is a debt collector within the meaning of the FDCPA, 15 U.S.C. §1692a.

32. Plaintiff, as a consumer, received a letter dated June 13, 2012 from Defendant NORTHLAND GROUP, INC alleging the Plaintiff had an "account" with a past due balance and the Defendant NORTHLAND GROUP, INC had been assigned to collect.

33. Plaintiff denied having alleged "account" and sent defendant NORTHLAND GROUP, INC a letter demanding verification to which they failed and refused to validate.

34. Plaintiff sent notice to Defendant NORTHLAND GROUP, INC of their violations of the FCRA, FDCPA, and RFDCPA. This was in an effort to mitigate damages and reach a settlement for their violations in obtaining Plaintiff's credit report and continuing collection efforts before taking civil action against them. Plaintiff received a reply from Defendant NORTHLAND GROUP, INC on November 20, 2012 via email stating that the "account" had been closed in their office. The Defendant NORTHLAND GROUP, INC stated that pursuant to FDCPA they had two options to pursue once they received a verification request; obtain verification of debt or cease collection activities. The Defendant NORTHLAND GROUP, INC had chose to cease collection efforts and closed "account".

35. Plaintiff received communication dated November 13, 2012 from the other Defendant RESURGENT CAPITAL SERVICES stating that this same "alleged" non-existent "account" had now been placed with them.

36. Defendant NORTHLAND GROUP, INC violated FDCPA by sending the plaintiff a letter dated June 13, 2012 stating that the Plaintiff had a past due account when they knew there was no account and there was no legal proof that any account existed, violating FDCPA §1692e (10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

37. Defendant NORTHLAND GROUP, INC violated FDCPA by continuing collection efforts by sending alleged "non-existent account" to another debt collector to resume collection efforts, violating FDCPA 15 U.S.C. §1692 g by failing to cease collection efforts until debt is validated.

WHEREFORE, Plaintiff demands judgment for damages against Defendant NORTHLAND GROUP, INC for statutory damages of $1000.00, any attorney's fees, and costs, pursuant to 15 U.S.C. §1692 §813(2)(A) and any other relief that this Honorable Court deems appropriate.

### COUNT III
### VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, C.C.. §1788.13 BY NORTHLAND GROUP INC.

38. Paragraphs 1 through 37 are re-alleged as though fully set forth herein.

39. Plaintiff is a person within the meaning of the RFDCPA, C.C. §1788.2(g)

40. Defendant NORTHLAND GROUP, INC is a debt collector within the meaning of the RFDCPA, C.C. §1788.2(c)

41. Defendant NORTHLAND GROUP, INC willfully violated the RFDCPA. Defendant's violation includes, but is not limited to, the following:

42. Defendant NORTHLAND GROUP, INC violated RFDCPA by sending the plaintiff a letter dated June 13, 2012 stating that the Plaintiff had a past due account when they knew there was no account and there was no legal proof that any "account" existed, violating RFDCPA §1788.17 by failing to comply with statutory regulations contained within the FDCPA, 15 U.S.C. §1692 et seq., to wit: Section 1692e(10), by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

43. Defendant NORTHLAND GROUP, INC violated FDCPA by continuing collection efforts by sending alleged "non-existent account" to another debt collector to resume collection efforts, Defendant NORTHLAND GROUP, INC violated the §1788.17of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. §1692 et seq.

WHEREFORE, Plaintiff demands judgment for damages against Defendant NORTHLAND GROUP INC for statutory damages of $1000.00, pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788.30(b), and costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788.30(c), and any other relief that this Honorable Court deems appropriate.

### COUNT IV
### VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681, WILLFUL NON-COMPLIANCE BY RESURGENT CAPITAL SERVICES.

44. Paragraphs 1 through 43 are re-alleged as though fully set forth herein.

45. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

46. Experian is a credit reporting agency within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

47. Consumer credit report is a consumer report within the meaning of the FCRA, 15 U.S.C. § 1681a(d).

48. The FCRA, 15 U.S.C. § 1681b defines the permissible purposes for which a person may obtain a consumer credit report.

49. Such permissible purposes as defined by 15 U.S.C. § 1681b are generally, if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.

50. Plaintiff has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from the Defendant RESURGENT CAPITAL SERVICES.

51. On **August 14, 2012** Defendant RESURGENT CAPITAL SERVICES obtained the Experian consumer credit report for the Plaintiff with no permissible purpose in violation of the FCRA, 15

U.S.C. § 1681b.

52. At no time did Plaintiff give consent for the Defendant RESURGENT CAPITAL SERVICES to acquire her consumer credit report from any credit reporting agency.

53. The actions of Defendant RESURGENT CAPITAL SERVICES obtaining the consumer credit report of the Plaintiff with no permissible purpose or Plaintiff's consent was a willful violation of FCRA, 15 U.S.C. § 1681b and an egregious violation of Plaintiff's right to privacy.

54. The Defendant RESURGENT CAPITAL SERVICES had a duty to properly ascertain if there was any **legitimate** permissible purpose before obtaining Plaintiff's credit report and Defendant RESURGENT CAPITAL SERVICES breached said duty by failing to do so. There was no account that the Defendant RESURGENT CAPITAL SERVICES had any right to collect to have had permissible purpose to obtain Plaintiff's credit report and therefore Plaintiff is entitled to damages for breach of said duty.

WHEREFORE, Plaintiff demands judgment for damages against Defendant, RESURGENT CAPITAL SERVICES for statutory damages of $1000.00, any attorney's fees, and costs pursuant to 15 U.S.C. § 1681n.

## COUNT V
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 BY RESURGENT CAPITAL SERVICES

55. Paragraphs 1 through 54 are re-alleged as though fully set forth herein.

56. Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a.

57. Defendant RESURGENT CAPITAL SERVICES is a debt collector within the meaning of the FDCPA, 15 U.S.C. §1692a.

58. Plaintiff, as a consumer, received a letter dated November 13, 2012 from Defendant RESURGENT CAPITAL SERVICES alleging the Plaintiff had an "account" with them.

59. Plaintiff denied having alleged "account" and sent defendant a letter demanding verification to which they failed and refused to validate.

60. Defendant RESURGENT CAPITAL SERVICES violated FDCPA by sending the plaintiff a letter dated November 13 2012 stating that the Plaintiff's "account" had been placed with them when they knew there was no account and there was no legal proof that any account existed,

violating FDCPA §1692e (10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

61. Defendant RESURGENT CAPITAL SERVICES violated FDCPA by continuing collection efforts on an alleged "non-existent" account that had not been validated, violating FDCPA 15 U.S.C. §1692 g by failing to cease collection efforts until debt is validated.

62. Defendant RESURGENT CAPITAL SERVICES on the cover page of initial communication with the plaintiff on November 13, 2012 violated FDCPA §1692e(11) by failing to contain the mini-Miranda warning.

63. Defendant RESURGENT CAPITAL SERVICES in their communication with the plaintiff on November 15, 2012 violated FDCPA §1692e(11) by failing to contain the mini-Miranda warning.

64. Defendant RESURGENT CAPITAL SERVICES in their communication with the plaintiff on November 19, 2012 violated FDCPA §1692e(11) by failing to contain the mini-Miranda warning.

WHEREFORE, Plaintiff demands judgment for damages against Defendant, RESURGENT CAPITAL SERVICES for statutory damages of $1000.00, any attorney's fees, and costs, pursuant to 15 U.S.C. §1692 §813(2)(A) and any other relief that this Honorable Court deems appropriate.

## COUNT VI
### VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, C.C.. §1788.13 BY RESURGENT CAPITAL SERVICES

65. Paragraphs 1 through 64 are re-alleged as though fully set forth herein.

66. Plaintiff is a person within the meaning of the RFDCPA, C.C. §1788.2(g)

67. Defendant RESURGENT CAPITAL SERVICES is a debt collector within the meaning of the RFDCPA, C.C. §1788.2(c)

68. Defendant willfully violated the RFDCPA. Defendant's violation includes, but is not limited to, the following:

69. Defendant RESURGENT CAPITAL SERVICES violated RFDCPA by sending the plaintiff a letter dated November 13 2012 stating that the Plaintiff's "account" had been placed with them when they knew there was no account and there was no legal proof that any account existed, violating RFDCPA §1788.17 by failing to comply with statutory regulations contained within the FDCPA, 15 U.S.C. §1692 et seq., to wit: Section 1692e(10), by the use of any false representation

or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

70. Defendant RESURGENT CAPITAL SERVICES violated RFDCPA by continuing collection efforts on an alleged "non-existent account" that had not been validated, violated the §1788.17 of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. §1692 et seq.

71. Defendant RESURGENT CAPITAL SERVICES in his communications with the plaintiff on November 13, November 15,November 19, 2012 violated §1788.17 of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. §1692 et seq.by failing to contain the mini-Miranda warning.

WHEREFORE, Plaintiff demands judgment for damages against Defendant, RESURGENT CAPITAL SERVICES. for statutory damages of $1000.00, pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788.30(b), and Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788.30(c), and any other relief that this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully submitted this 14th day of August 2013.

Debbie Laugenour

1

**Proof of Service**

2

The undersigned declares that he is over the age of 18 and not a party to the action.

3

On today's date, I caused to be served, via First Class U.S. mail, true and correct copies of "Amended Complaint" upon counsel as follows:

4

5

Issa K. Moe, 4800 Wells Fargo Center, 90 South Seventh Street, Minneapolis, Minnesota 55402
Christopher D. Holt, 5 Hutton Centre Drive, Suite 1000, Santa Ana, California 92707
B.Ben Mohandesi, 1055 W. 7th Street, Suite 2150, Los Angeles, California 90017.

6

7

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct and that this declaration was executed on this 14th day of August, 2013, at Sacramento, California.

8

9

10

David Laugenour

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**RESURGENT CAPITAL SERVIC**

Address:                                              Date of Request:
**15 S MAIN ST STE 700**                              08/14/2012
**GREENVILLE SC 29601**
*No phone number available*


**NORTHLAND GROUP, INC**

Address:                                              Date of Request:
**7831 GLEN ROY ROAD**                                06/05/2012
**EDINA MN 55439**
*No phone number available*

EXHIBIT A



**Northland Group Inc.**



866-648-4513 ext 3310
NGi@northlandgroup.com
Hours of Operation: M-Th 7-9, F 7-7, Sat 8-2 CT
www.payments2northland.com

June 13, 2012

**ACCOUNT INFORMATION**

Current Account Owner: **CVF Consumer Acquisition Company**
Previous Creditor: **HSBC**
Original Account #: **********0018

Debbie Laugenour (F77294766-06/13x3A)
372 Florin Rd
226
Sacramento, CA  95831-1407

**NORTHLAND ACCOUNT NUMBER**

F77294766



## Your past due account balance: $6,995.62
## Your settlement offer: $1,399.14

Dear Debbie Laugenour,

The above referenced CVF Consumer Acquisition Company account has been assigned to Northland Group, Inc. for collection. As of the date of this letter, you owe $6,995.62. Because of interest that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write the undersigned or call 866-648-4513 ext 3310.

CVF Consumer Acquisition Company is willing to reduce your balance by offering you a settlement. We are not obligated to renew this offer. Upon receipt and clearance of $1,399.14, a letter will be sent confirming the above referenced account has been resolved. This offer does not affect your rights set forth below. CVF Consumer Acquisition Company has purchased the above referenced account from the above referenced Previous Creditor. CVF Consumer Acquisition Company has placed your account with this agency for collection.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion of it, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.



**Pay Online: www.payments2northland.com**

EXHIBIT B

Debbie Laugenour
372 Florin Road #226
Sacramento, CA 95831


July 10, 2012


Northland Group Inc.
P.O. Box 390846
Minneapolis, MN 55439


Greetings,

Thank you for your recent inquiry. This is not a refusal to pay, but a notice that your claim is disputed.

This is a request for validation made pursuant to the Fair Debt Collection Practices Act. Please complete and return the attached disclosure request form.

Please be advised that I am not requesting a "verification" that you have my mailing address, I am requesting a "validation:" that is, competent evidence that I have some contractual obligation to pay you.

You should also be aware that sending unsubstantiated demands for payment through the United States Mail System might constitute mail fraud under federal and state law.

Your failure to satisfy this request within the requirements of the Fair Debt Collection Practices Act will be construed as your absolute waiver of any and all claims against me, and your tacit agreement to compensate me for costs and attorneys fees.

Sincerely,

|s|

Debbie Laugenour

EXHIBIT C

Debbie Laugenour
372 Florin Road #226
Sacramento, CA 95831
916-778-9524
deblog1@hotmail.com

November 6, 2012    # 9405 5036 9930 0193 5250 13

Northland Group, Inc.
c/o CT CORPORATION SYSTEM
818 W Seventh Street
Los Angeles, CA 90017

RE:   Debbie Laugenour
       So-called account #: F77294766

## NOTICE OF IMPENDING LAWSUIT

To whom it may concern,

This is being sent prior to filing suit an opportunity to amicably cure Northland Groups, Inc. violations of the FDCPA and Rosenthal Fair Debt Collection Practices Act.

On June 13, 2012, you sent a letter to me demanding that I pay you money in reference to the above captioned account. I promptly disputed the debt and to date you have not heard back from you.

In sending me a letter claiming that I owe you money, you are in violation of the Fair Debt Collection Practices Act (FDCPA)15 U.S.C. § 1692(e)(2) as well as the Rosenthal Fair Debt Collection Practices Act 1788.16.

 Like the FDCPA, the California state law also provides for statutory damages of $1000, plus the award of reasonable attorney fees and costs.

I am willing to settle these matters amicably for **$2000** without having to file suit in federal court and am giving you seven days from receipt of this letter to take the opportunity to do so.  If Northland Group chooses not to settle the matters at hand then I will have no choice but to file suit and seek my remedy in a court of law. I hope you are prepared to prove I have a contract with you.

I can be reached directly at 916-778-9524(cell) or via email at deblog1@hotmail.com.   This cell number is not to be called, shared, or used for any purpose other than to address the matters at hand.

Sincerely,

|s|

Debbie Laugenour

EXHIBIT D

 *Northland Group Inc.*

November 20, 2012

**Sent Via Email only to <u>deblog1@hotmail.com</u>**

Ms. Debbie Laugenour
372 Florin Road #226
Sacramento, CA 95831

Re: Northland Group Account No: 77294766
    Current Account Owner: CVF Consumer Acquisition Company
    Original Creditor: HSBC
    Original Account No: ***********0018

Dear Ms. Laugenour,

Northland Group, Inc. ("Northland") has received your correspondence dated November 6, 2012. Please be advised the above account has been closed in our office.

As to your dispute, Northland received a letter from you on July 17, 2012, disputing the above account. Pursuant to the federal Fair Debt Collection Practices Act, Northland had two options when it received your request for verification of debt; obtain verification of the debt or cease collection efforts. Northland chose to cease collection efforts. The account was closed in our office and returned to CVF Consumer Acquisition Company and a copy of your correspondence was sent to CVF Consumer Acquisition Company.

For further information regarding the account, please contact CVF Consumer Acquisition Company at the below referenced address/telephone number:

                CVF Consumer Acquisition Company
                PO Box 10466
                Greenville, SC 29603
                Toll-Free: 1-888-665-0374

Sincerely,

Valerie Bartosh
Compliance Coordinator

This communication is sent to you by Northland Group, Inc., a debt collector and member
of ACA International.
**This collection agency is licensed by the Minnesota Department of Commerce.**

7831 Glenroy Road, Suite 250 ◼ Edina, Minnesota 55439 ◼ (952) 831-4009 ◼ fax: (952) 820-9562 ◼ toll free: (800) 800-8191

EXHIBIT E

Debbie Laugenour
372 Florin Road #226
Sacramento, CA 95831
916-778-9524
deblog1@hotmail.com

November 24, 2012     **EMAILED ONLY to vbartosh@northlandgroup.com**

Northland Group, Inc.

RE:     email dated 11-20-12
       Debbie Laugenour
       So-called Northland account #: 77294766
            **NOTICE OF IMPENDING LAWSUIT**

Dear Ms. Bartosh,

Again, this is being sent prior to filing suit an opportunity to amicably cure Northland Groups, Inc. violations of the FDCPA and Rosenthal Fair Debt Collection Practices Act.

On June 13, 2012, you sent a letter to me demanding that I pay you money in reference to the above captioned account. I promptly disputed the debt and to date you have not heard back from you. I do understand your options, but contacting and demanding money that I clearly do not owe you is a violation of FDCPA and Rosenthal. You are correct once you receive my dispute that you have 2 options. The first is to verify I have a debt with you, which you can't because I do not; the second is to cease collection efforts, you didn't. On November 12, I received a letter from another collection agency regarding this alleged debt, and I believe a jury would find that is an additional violation (FDCPA and Rosenthal) on your behalf of continuing collection efforts by turning in over to that collection agency.

In sending me a letter claiming that I owe you money, you are in violation of the Fair Debt Collection Practices Act twice as well as the Rosenthal Fair Debt Collection Practices Act twice.

Unlike the FDCPA, the California state law also provides for statutory damages of $1000 per occurrence, plus the award of reasonable attorney fees and costs. I will be preparing a lawsuit to be filed in the next few days with and additional $1000 for the violation of the Rosenthal for continuing collection efforts without verifying debt by passing it on to another debt collector for a total of $3000.

I am willing to settle these matters amicably for $2000 without having to file suit in federal court and am giving you until Tuesday, November 29th to take the opportunity to do so.

I can be reached directly at 916-778-9524(cell) or via email at deblog1@hotmail.com. This cell number is not to be called, shared, or used for any purpose other than to address the matters at hand.

Sincerely,

Debbie Laugenour

EXHIBIT F

15 S. MAIN ST., SUITE 600
GREENVILLE, SC 29601

**RESURGENT**
*Capital Services*



432548068

Toll Free Phone:     1-888-665-0374
Toll Free Fax:       1-866-467-0163

http://www.resurgent.com/

*Hours of Operation*
8AM-7PM EST Monday - Thursday
8AM-5PM EST Friday

November 13, 2012

Original Creditor: HSBC Bank USA, N.A.
Current Owner: LVNV Funding LLC
Account Number: 21911100300018
Balance: $7,121.26

VAL-CS-1                    *A-01-HH4-AM-02202-7

DEBBIE LAUGENOUR
372 FLORIN RD # 226
SACRAMENTO CA 95831-1407

Dear Debbie Laugenour:

This account has been placed with Resurgent Capital Services L.P.

If we can be of further assistance, please contact one of our Customer Service Representatives toll-free at 1-888-665-0374.

Si usted no entiende el contenido de esta carta o tiene mas preguntas, por favor contacte a uno de nuestros representantes que hablan español al numero 1-888-665-0374.

For your convenience, you may submit your payment online at **www.rcspay.com**.

You may also send your payment to the address listed below:

Resurgent Capital Services L.P.
PO Box 10466
Greenville, SC 29603

Should you desire to pay off the account in full, you should contact us at 1-888-665-0374 to determine the payoff balance as interest, payments, credits, fees, and/or other permissible charges can continue to cause the account balance referenced above to vary from day to day.

Sincerely,

Customer Service Department
Resurgent Capital Services L.P.

This communication is sent to you by Resurgent Capital Services L.P., a professional debt collector.

EXHIBIT G

## INFORMATION REGARDING YOUR LEGAL RIGHTS

Unless you notify us within 30 days after receiving this notice that you dispute the validity of this debt, or any portion of it, we will assume this debt is valid. If you notify us in writing within 30 days after receiving this notice that you dispute the validity of this debt, or any portion of it, we will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of us in writing, within 30 days after receiving this notice, we will provide you with the name and address of the original creditor, if different from the current creditor.

This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector.

The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

The following is a Spanish translation of the information previously provided.

### *Lea por favor las siguientes avisos importantes que puedan afectar sus derechos.*

A menos que usted nos notifique dentro de los 30 días después de recibir este aviso que usted cuestiona la validez de esta deuda, o cualquier porción de la misma, asumiremos que ésta deuda es válida. Si usted nos notifica por escrito dentro de los 30 días después de recibir este aviso que cuestiona la validez de esta deuda, o cualquier porción de la misma, obtendremos la verificación de la deuda u obtendremos la copia de la sentencia y le enviaremos la copia de dicha sentencia o verificación. Si nos lo pide por escrito, dentro de los 30 días después de recibir este aviso, le facilitaremos el nombre y la dirección del acreedor original, si no coincide con el acreedor actual.

El objeto de la presente notificación es gestionar el cobro de la deuda, y toda información obtenida será utilizada a tal fin. La presente comunicación proviene de un agente de cobro de deudas.

Si usted no entiende el contenido de esta carta, por favor contacte a uno de nuestros representantes que hablan español al número 1-888-665-0374.

El acto estatal de Rosenthal Fair Debt Collection Practices, y el acto federal de Fair Debt Collection Practices requieren que, a menos de circunstancias inusuales, los cobradores no podrán contactarlo antes de las 8 a.m. o después de las 9 p.m. Ellos no lo podrán acosar usando amenazas violentas o arrestarlo o usar un lenguaje ofensivo. Los cobradores no podrán usar declaraciones falsas o engañosas o llamarlo a su trabajo si ellos saben si ellos tienen razón para saber que usted no puede recibir llamadas personales en su trabajo. En general, cobradores no le podrán decir a otra persona, aparte de su abogado o su esposa, acerca de su deuda. Los cobradores se podrán comunicar con otras personas para poder comunicarse con usted, y para entablar un juicio. Para más información sobre las actividades de colección de deuda, usted puede contactar Federal Trade Commission al 1-877-FTC-HELP o www.ftc.gov

EXHIBIT G

## PRIVACY NOTICE

This Privacy Notice is being given on behalf of each of the following related companies (the "Sherman Companies"). It describes the general policy of the Sherman Companies regarding the personal information of customers and former customers.

| | | |
|---|---|---|
| Anson Street LLC | Limestone Asset Management LLC | SFG REO, LLC |
| Ascent Card Services II LLC | LVNV Funding, LLC | Sherman Acquisition II Limited Partnership |
| Ascent Card Services, LLC | PYOD LLC | Sherman Acquisition L.L.C. |
| Ashley Funding Services LLC | Resurgent Capital Services L.P. | Sherman Acquisition Limited Partnership |
| Granite Asset Management LLC | Resurgent Capital Services PR LLC | |

**Information We May Collect.** The Sherman Companies may collect the following personal information: (1) information that we receive from your account file at the time we purchase or begin to service your account, such as your name, address, social security number, and assets; (2) information that you may give us through discussion with you, or that we may obtain through your transactions with us, such as your income and payment history;  (3) information that we receive from consumer reporting agencies, such as your creditworthiness and credit history, and (4) information that we obtain from other third party information providers, such as public records and databases that contain publicly available data about you, such as bankruptcy and mortgage filings.  All of the personal information that we collect is referred to in this notice as "collected information".

**Confidentiality and Security of Collected Information.** At the Sherman Companies, we restrict access to collected information about you to individuals who need to know such collected information in order to perform services in connection with your account.  We maintain physical safeguards (like restricted access), electronic safeguards (like encryption and password protection), and procedural safeguards (such as authentication procedures) to protect collected information about you.

**Sharing Collected Information with Affiliates** From time to time, the Sherman Companies may share collected information about customers and former customers with each other in connection with administering and collecting accounts to the extent permitted under the Fair Debt Collection Practices Act.

**Sharing Collected Information with Third Parties.** The Sherman Companies do not share collected information about customers or former customers with third parties, except as permitted in connection with administering and collecting accounts under the Fair Debt Collection Practices Act.

030211

EXHIBIT G

15 S. MAIN ST., SUITE 600
GREENVILLE, SC 29601



432548068

Toll Free Phone:   1-866-464-1187
Toll Free Fax:   1-866-467-0960

http://www.resurgent.com/

*Hours of Operation*
8AM-7PM EST Monday - Thursday
8AM-5PM EST Friday

November 15, 2012

Original Creditor: HSBC Bank USA, N.A.
Current Owner: LVNV Funding LLC
Account Number: 21911100300018
Balance: $7,122.85

ARFOLL-CS-1          *A-01-K1L-AM-01892-6

DEBBIE LAUGENOUR
372 FLORIN RD # 226
SACRAMENTO CA 95831-1407

Dear Debbie Laugenour:

Information you provided regarding this account has been forwarded for review. However, we have since been unable to contact you to discuss this account.

If we are unable to establish contact with you within 30 days after receiving this notice, we may resume collections on your account.

Should you desire to pay off the account in full, you should contact us at 1-866-464-1187 to determine the payoff balance as interest, payments, credits, fees, and/or other permissible charges can continue to cause the account balance referenced above to vary from day to day.

Please contact us toll-free at 1-866-464-1187 so we may update your contact information and assist you in resolving this account.

Sincerely,

Customer Service Department
Resurgent Capital Services L.P.

This communication is sent to you by Resurgent Capital Services L.P., a professional debt collector.

### *Please read the following important notices as they may affect your rights.*

This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector.

The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

The following is a Spanish translation of the information previously provided.

### *Lea por favor las siguientes avisos importantes que puedan afectar sus derechos.*

El objeto de la presente notificación es gestionar el cobro de la deuda, y toda información obtenida será utilizada a tal fin. La presente comunicación proviene de un agente de cobro de deudas.

Si usted no entiende el contenido de esta carta, por favor contacte a uno de nuestros representantes que hablan español al numero 1-866-464-1187.

El acto estatal de Rosenthal Fair Debt Collection Practices, y el acto federal de Fair Debt Collection Practices requieren que, a menos de circunstancias inusuales, los cobradores no podrán contactarlo antes de las 8 a.m. o después de las 9 p.m. Ellos no lo podrán acosar usando amenazas violentas o arrestarlo o usar un lenguaje ofensivo. Los cobradores no podrán usar declaraciones falsas o engañosas o llamarlo a su trabajo si ellos saben o tienen razón para saber que usted no puede recibir llamadas personales en su trabajo. En general, cobradores no le podrán decir a otra persona, aparte de su abogado o su esposa, acerca de su deuda. Los cobradores se podrán comunicar con otras personas para poder comunicarse con usted, y para entablar un juicio. Para más información sobre las actividades de colección de deuda, usted puede contactar Federal Trade Commission al 1-877-FTC-HELP o www.ftc.gov

EXHIBIT H

# PRIVACY NOTICE

This Privacy Notice is being given on behalf of each of the following related companies (the "Sherman Companies"). It describes the general policy of the Sherman Companies regarding the personal information of customers and former customers.

| | | |
|---|---|---|
| Anson Street LLC | Limestone Asset Management LLC | SFG REO, LLC |
| Ascent Card Services II LLC | LVNV Funding, LLC | Sherman Acquisition II Limited Partnership |
| Ascent Card Services, LLC | PYOD LLC | Sherman Acquisition L.L.C. |
| Ashley Funding Services LLC | Resurgent Capital Services L.P. | Sherman Acquisition Limited Partnership |
| Granite Asset Management LLC | Resurgent Capital Services PR LLC | |

**Information We May Collect.** The Sherman Companies may collect the following personal information: (1) information that we receive from your account file at the time we purchase or begin to service your account, such as your name, address, social security number, and assets; (2) information that you may give us through discussion with you, or that we may obtain through your transactions with us, such as your income and payment history; (3) information that we receive from consumer reporting agencies, such as your creditworthiness and credit history, and (4) information that we obtain from other third-party information providers, such as public records and databases that contain publicly available data about you, such as bankruptcy and mortgage filings. All of the personal information that we collect is referred to in this notice as "collected information".

**Confidentiality and Security of Collected Information.** At the Sherman Companies, we restrict access to collected information about you to individuals who need to know such collected information in order to perform services in connection with your account. We maintain physical safeguards (like restricted access), electronic safeguards (like encryption and password protection), and procedural safeguards (such as authentication procedures) to protect collected information about you.

**Sharing Collected Information with Affiliates** From time to time, the Sherman Companies may share collected information about customers and former customers with each other in connection with administering and collecting accounts to the extent permitted under the Fair Debt Collection Practices Act.

**Sharing Collected Information with Third Parties.** The Sherman Companies do not share collected information about customers or former customers with third parties, except as permitted in connection with administering and collecting accounts under the Fair Debt Collection Practices Act.

030211

EXHIBIT A

15 S. MAIN ST., SUITE 600
GREENVILLE, SC 29601

**RESURGENT**
**Capital Services**

432548068

Toll Free Phone: 1-866-464-1187
Toll Free Fax: 1-866-467-0960

http://www.resurgent.com/

*Hours of Operation*
8AM-7PM EST Monday - Thursday
8AM-5PM EST Friday

November 19, 2012

Original Creditor: HSBC Bank USA, N.A.
Current Owner: LVNV Funding LLC
Account Number: 21911100300018
Balance: $7,124.44

ARINV-CS-1          *A-01-N74-AM-02963-10

DEBBIE LAUGENOUR
372 FLORIN RD # 226
SACRAMENTO CA 95831-1407

Dear Debbie Laugenour:

Resurgent Capital Services L.P. ("Resurgent"), one of its servicing agencies, or one of the three major consumer reporting agencies has received an inquiry on this account. Resurgent manages this account for the current owner indicated above and is currently investigating your claim. Once a determination is made, we will contact you regarding this matter.

Should you desire to pay off the account in full, you should contact us at 1-866-464-1187 to determine the payoff balance as interest, payments, credits, fees, and/or other permissible charges can continue to cause the account balance referenced above to vary from day to day.

If you have any questions, please contact one of our Customer Service Representatives toll-free at 1-866-464-1187.

Sincerely,

Customer Service Department
Resurgent Capital Services L.P.

This communication is sent to you by Resurgent Capital Services L.P., a professional debt collector.

*Please read the following important notices as they may affect your rights.*

This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector.

The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

The following is a Spanish translation of the information previously provided.

*Lea por favor las siguientes avisos importantes que puedan afectar sus derechos.*

El objeto de la presente notificación es gestionar el cobro de la deuda, y toda información obtenida será utilizada a tal fin. La presente comunicación proviene de un agente de cobro de deudas.

Si usted no entiende el contenido de esta carta, por favor contacte a uno de nuestros representantes que hablan español al numero 1-866-464-1187.

El acto estatal de Rosenthal Fair Debt Collection Practices, y el acto federal de Fair Debt Collection Practices requieren que, a menos de circunstancias inusuales, los cobradores no podrán contactarlo antes de las 8 a.m. o después de las 9 p.m. Ellos no lo podrán acosar usando amenazas violentas o arrestarlo o usar un lenguaje ofensivo. Los cobradores no podrán usar declaraciones falsas o engañosas o llamarlo a su trabajo si ellos saben o tienen razón para saber que usted no puede recibir llamadas personales en su trabajo. En general, cobradores no le podrán decir a otra persona, aparte de su abogado o su esposa, acerca de su deuda. Los cobradores se podrán comunicar con otras personas para poder comunicarse con usted, y para entablar un juicio. Para más información sobre las actividades de colección de deuda, usted puede contactar Federal Trade Commission al 1-877-FTC-HELP o www.ftc.gov

EXHIBIT I

## PRIVACY NOTICE

This Privacy Notice is being given on behalf of each of the following related companies (the "Sherman Companies"). It describes the general policy of the Sherman Companies regarding the personal information of customers and former customers.

| | | |
|---|---|---|
| Anson Street LLC | Limestone Asset Management LLC | SFG REO, LLC |
| Ascent Card Services II LLC | LVNV Funding, LLC | Sherman Acquisition II Limited Partnership |
| Ascent Card Services, LLC | PYOD LLC | Sherman Acquisition L.L.C. |
| Ashley Funding Services LLC | Resurgent Capital Services L.P. | Sherman Acquisition Limited Partnership |
| Granite Asset Management LLC | Resurgent Capital Services PR LLC | |

**Information We May Collect.** The Sherman Companies may collect the following personal information: (1) information that we receive from your account file at the time we purchase or begin to service your account, such as your name, address, social security number, and assets; (2) information that you may give us through discussion with you, or that we may obtain through your transactions with us, such as your income and payment history; (3) information that we receive from consumer reporting agencies, such as your creditworthiness and credit history, and (4) information that we obtain from other third party information providers, such as public records and databases that contain publicly available data about you, such as bankruptcy and mortgage filings. All of the personal information that we collect is referred to in this notice as "collected information".

**Confidentiality and Security of Collected Information.** At the Sherman Companies, we restrict access to collected information about you to individuals who need to know such collected information in order to perform services in connection with your account. We maintain physical safeguards (like restricted access), electronic safeguards (like encryption and password protection), and procedural safeguards (such as authentication procedures) to protect collected information about you.

**Sharing Collected Information with Affiliates** From time to time, the Sherman Companies may share collected information about customers and former customers with each other in connection with administering and collecting accounts to the extent permitted under the Fair Debt Collection Practices Act.

**Sharing Collected Information with Third Parties.** The Sherman Companies do not share collected information about customers or former customers with third parties, except as permitted in connection with administering and collecting accounts under the Fair Debt Collection Practices Act.

030211

EXHIBIT I

Debbie Laugenour
372 Florin Road #226
Sacramento, CA 95831

November 24, 2012

Resurgent Capital Services
15 S. Main Street, Suite 600
Greenville, SC 29601

Greetings,

Thank you for your recent inquiry. This is not a refusal to pay, but a notice that your claim is disputed.

This is a request for validation made pursuant to the Fair Debt Collection Practices Act. Please complete and return the attached disclosure request form.

Please be advised that I am not requesting a "verification" that you have my mailing address, I am requesting a "validation:" that is, competent evidence that I have some contractual obligation to pay you.

You should also be aware that sending unsubstantiated demands for payment through the United States Mail System might constitute mail fraud under federal and state law.

Your failure to satisfy this request within the requirements of the Fair Debt Collection Practices Act will be construed as your absolute waiver of any and all claims against me, and your tacit agreement to compensate me for costs and attorneys fees.

Sincerely,

Debbie Laugenour

EXHIBIT J

# CREDITOR DISCLOSURE STATEMENT

Name and Address of Collector (assignee): _____

_____

Name and Address of Debtor: _____

_____

Account Number(s): _____

What are the terms of assignment for this account? You may attach a facsimile of any records relating to such terms.

_____

_____

Have any insurance claims been made by any creditor been made by any creditor or assignee regarding this account? Yes /no

Has the purported balance of this account been used in any tax deduction claim? Yes / no

Please list the particular products or services sold by the collector to the debtor and the dollar amount of each:

_____

_____

Upon failure or refusal of collector to validate this collection action, collector agrees to waive all claims against the debtor named herein and pay debtor for all costs and attorney fees involved in defending this collection action.

X_____          _____
Authorized signature for Collector                    Date

Please return this completed form and attach all assignment or other transfer agreements that would establish your right to collect this debt. Your claim cannot be considered if any portion of this form is not completed and returned with the required documents. This is a request for validation made pursuant to the Fair Debt Collection Practices Act. If you do not respond as required by this law, your claim will not be considered and you may be liable for damages for continued collection efforts.

EXHIBIT J